IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| In re: ) | |
| STEVEN J. BARFIELD, ) | Case No. 15-3131 |
| ) | |
| Debtor. ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

Jeana K. Reinbold, Successor Chapter 7 Trustee to the Estate of Steven J. Barfield ("Successor Trustee"), filed a Motion for Leave to Appeal (d/e 1) the Bankruptcy Court's January 29, 2015 and April 17, 2015 Orders.  The January Order denied the Successor Trustee's Motion to Confirm and Pay.  The April 2015 Order denied the Successor Trustee's Motion to Amend or Alter Judgment or for New Trial.

The Court finds that the Bankruptcy Court's Orders are not final orders.  Moreover, because the Successor Trustee has not demonstrated that there are controlling questions of law as to which there is substantial ground for dispute and that an immediate appeal may materially advance the ultimate termination of the litigation, the

Motion for Leave to Appeal is denied.

## I. BACKGROUND

On March 21, 2012, the original bankruptcy trustee filed a Notice of Intent to Sell the Debtor's tools and equipment, 2008 Dodge truck, and other items of personal property on April 21, 2012 at a public sale. (The original trustee had earlier obtained an agreed order giving him until March 2012 to sell the Dodge truck). On April 13, 2012, Dustin Beck filed an objection alleging that many of the tools and equipment scheduled to be sold were the property of Quality Turbine, Inc., a corporation co-owned by the Debtor and Mr. Beck, and not the Debtor individually.

On April 16, 2012, the Bankruptcy Court entered an order setting the Notice of Intent to Sell and the objection for a hearing on April 26, 2012. The court was unable to schedule a hearing before the scheduled sale. The court also specifically noted that assets owned by a corporation are not to be included in an individual shareholder's bankruptcy estate.

On April 18, 2012, the original trustee and the attorney for Mr. Beck uploaded an agreed order purporting to settle the issues raised

by Mr. Beck's objection.   The proposed order sought to authorize the original trustee to sell all of the property listed on the Notice of Intent to Sell.   If any of the property sold was shown to not be property of the bankruptcy estate, the sale proceeds would be turned over to Mr. Beck's counsel.

The Bankruptcy Court did not accept the agreed order.   The court advised the parties that the agreed order would not be signed because it granted relief not available based on the documents previously filed.

On April 21, 2012, the original trustee nonetheless conducted the public sale, and the property was sold.   Thereafter, the original trustee filed a Report of Sale for the April 2012 sale and sought compensation for the auctioneer.   He later withdrew the Motion, acknowledging that he had no authority for the requested relief.

In September 2012, the original trustee filed a second Report of Sale pertaining only to the sale of the 2008 Dodge truck.   The original trustee reported that the truck had been sold for $20,000, and he sought to compensate the auctioneer $2,500.   The Report of Sale did not disclose any amount paid to the creditor holding a lien

on the truck or payment of the Debtor's claimed exemption in the truck.   The court approved the $2,500 payment to the auctioneer.

The original trustee made additional attempts to have the sale approved, resolve the issue pertaining to the ownership of the tools and equipment, and distribute the sale proceeds.   Ultimately, the original trustee was removed from the case, and the Successor Trustee was appointed.

On June 27, 2014, the Successor Trustee filed a Motion to Confirm and Pay.   The Successor Trustee asked the court to confirm the sale and allow her to pay Quality Turbine, Inc. $2,238.50 for its assets which were sold and to pay the Debtor $7,650 for his exemptions.   The Successor Trustee claimed the original trustee was fully authorized to proceed with the sale and that the proposed distributions should be approved.

On January 29, 2015, the Bankruptcy Court denied the Motion to Confirm and Pay.   The court found that the original trustee was not authorized to proceed with the sale of the property listed in Mr. Beck's objection (the tools and equipment) without a court order because an objection to the sale was pending and the court had

refused to sign the agreed order purportedly resolving the objection. The agreed order was defective, in part, because the order alleged that certain property was not property of the estate, and a bankruptcy court cannot authorize a trustee to sell property that is not property of the estate. The agreed order was also deficient because notice was not provided to the other parties and Mr. Beck's counsel lacked authority to enter into a binding agreement for the sale of Quality Turbine, Inc. property.

    The Bankruptcy Court also found that the Successor Trustee was not entitled to an order authorizing her to pay the debtor's vehicle exemption. The court had previously found that the sale of the truck was separate from the sale of the disputed tools and equipment. The court noted that, if the Successor Trustee held funds from the sale of the truck from which the Debtor's exemption could be paid, the Successor Trustee would not need an additional order from the court to pay the exemption. However, it appeared that she was not holding enough money from the truck sale to make the payment and was actually seeking authority to use proceeds from the unauthorized tool and equipment sale to make the Debtor whole

on the sale of his truck.

The Bankruptcy Court ultimately concluded that the Successor Trustee needed to make a thorough review and accounting of the April 2012 sale and determine whether she could justify continuing with the administration of the estate.  The court noted it was unlikely the Successor Trustee could obtain approval for the unauthorized sale or the distribution of the proceeds and that "she must consider her limited options and make the best decision to maximize value to the estate."  January Order at p. 32.

Thereafter, the Successor Trustee filed a timely Motion to Amend or Alter Judgment or for New Trial.  The Successor Trustee argued that the Bankruptcy Court improperly found that some of the property sold at the April 2012 sale was not property of the estate and that an evidentiary hearing must be held to correct that error.  She argued (contrary to her previous position) that Quality Turbine, Inc. did not have any interest in the tools and equipment sold.  If she could prove that fact, then the unauthorized sale could be approved. She also argued that she should not be bound by the acts of her predecessor and should be able to "wipe the slate clean" and obtain

approval of the sale of the property.   April Order at p. 7.

On April 17, 2015, the Bankruptcy Court denied the Successor Trustee's Motion to Amend or Alter Judgment for New Trial.   The Bankruptcy Court found that the original trustee had no authority to proceed with the public sale regardless of the merits of the pending objection to the sale.   Therefore, there was no reason to hold an evidentiary hearing to determine whether the tools and equipment were property of the estate.   Moreover, the Bankruptcy Court rejected the Successor Trustee's argument that she was not bound by the actions of her predecessor.   The Bankruptcy Court found that the Successor Trustee could not use her appointment "to create the fiction that her predecessor's unauthorized actions never occurred." April Order at p. 10.

On April 30, 2015, the Successor Trustee filed a Notice of Appeal appealing the January 29, 2015 order denying the Trustee's Motion to Confirm and Pay and the April 17, 2015 Order denying the Trustee's Motion to Amend or Alter Judgment or for New Trial.   <u>See</u> Notice of Appeal (d/e 2).   In the Notice of Appeal, the Successor Trustee acknowledges that the orders may not be final.   She

concurrently filed a Motion for Leave to Appeal pursuant to 28 U.S.C. § 158(a)(3). See Motion (d/e1).

In her Motion for Leave to Appeal, the Successor Trustee asserts that the question presented is "whether the Bankruptcy Court erred as a matter of law or abused its discretion in declining to approve the Successor Trustee's request to confirm the sale as a matter of law or equity or accept evidence concerning that ruling." Motion at p. 1. She asks that this Court direct the Bankruptcy Court to conduct an evidentiary hearing. Id. at p. 2. In the alternative, if the facts are not dispositive, this Court should require that the Bankruptcy Court limit its ruling "to the legal rule on which it is based, and not be based on any facts." Id.

## II. ANALYSIS

The Successor Trustee does not argue that the Bankruptcy Court's orders are final orders. The Court concludes the orders are not final.

In a bankruptcy case, an order may be final even though the entire bankruptcy proceeding has not been terminated. See In re UAL Corp., 411 F.3d 818, 821 (7th Cir.2005). Instead, an order is

final in a bankruptcy case if it "resolves a discrete dispute that, but for the continuing bankruptcy, would have been a stand-alone suit by or against the trustee."  Zedan v. Habash, 529 F.3d 398, 402 (7th Cir. 2008) (as modified June 24, 2008).

In this case, the orders from which the Successor Trustee appeals do not resolve a discrete segment of the proceedings and do not determine a substantial right of a party.  The Bankruptcy Court did not make a final determination regarding the proceeds of the unauthorized sale.  The Successor Trustee still holds the proceeds of the unauthorized sale, no full accounting has been provided to the Bankruptcy Court, and no determination has been made what to do with the proceeds of the unauthorized sale.  In addition, the Bankruptcy Court clearly anticipated further proceedings on the issue when the Bankruptcy Court noted that the Successor Trustee would have to provide a complete accounting of the sale and determine whether she could justify continuing to administer the estate.  See, e.g., Dutch Lake Knoll Holdings, LLC v. Sunnybrook Homeowners Ass'n Inc., No. 13-538, 2013 WL 3338783, at *1 (D. Minn. July 2, 2013) (finding that the bankruptcy court's denial of the

motion to sell property free and clear of interests was not a final order because it did not leave the court with anything to do but execute the order and left open other possibilities for the debtor to pursue). Moreover, the Bankruptcy Court did not determine that the sale was void, which may have constituted a final order.   See January 2015 Opinion at 30-31 (noting that one of the Successor Trustee's options is to have the unauthorized sale declared void, although the Bankruptcy Court thought such action would not be prudent); Matter of Allen, 816 F.2d 325, 327 (7th Cir. 1987) (finding that order declaring foreclosure order void was a final order because the order determined a substantial right of the purported purchaser).

     The Court recognizes that the Seventh Circuit has held that an order denying a motion to confirm a sale is a final order.   See In re Vlasek, 325 F.3d 955, 961 (7th Cir. 2003), citing In re Sax, 796 F.2d 994, 996 (7th Cir. 1986) (remarking that an order failing to approval a sale of the debtor's property is a final order).   However, neither of these cases actually involves an order denying a motion to confirm a sale.   See Vlasek, 325 F.3d 955 (finding that a motion to dismiss the bankruptcy petition is not a final order); Sax, 796 F.2d at 995

Page **10** of **16**

(involving an order approving the sale of a yacht). In addition, the Seventh Circuit provided no basis for the statement, and other courts have held that an order denying a motion to confirm a sale is not a final order. See Spitz v. Nitschke, 528 B.R. 874, 880 (E.D. Wisc. 2015) (citing cases and noting that the court was likely to agree with cases holding that orders denying motions to sell are interlocutory); cf: Bullard v. Blue Hills Bank, 135 S. Ct. 1686, 1692 (2015) (holding that an order denying confirmation of a proposed Chapter 13 repayment plan was not a final order because only plan confirmation altered the status quo and the rights of the parties).

Therefore, for the reasons stated, this Court finds that the Bankruptcy Court's orders denying the Successor Trustee's Motion to Confirm and Pay are not final.

However, even if the orders are not final, this Court has the discretion to review interlocutory orders of the bankruptcy court under 28 U.S.C. § 158(a)(3). See In re Jartran, Inc., 886 F.2d 859, 866 (7th Cir. 1989) ("review of interlocutory appeals from the bankruptcy court is in the district court's discretion"). Although § 158 does not set forth the standard for granting interlocutory

appeals, other district courts have applied the statute governing interlocutory appeals from district courts to circuit courts, 28 U.S.C. § 1292(b).  See Gouveia v. I.R.S., 228 B.R. 412, 413 (N.D. Ind. 1988); In re Capen Wholesale, Inc., 184 B.R. 547, 549 (N.D. Ill. 1995).

Under § 1292(b), an interlocutory appeal is appropriate when it (1) involves a controlling question of law, (2) over which there is substantial ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation.  Gouveia, 228 B.R. at 413.  All three requirements must be satisfied.  Ahrenholz v. Bd. of Trs. of Univ. of Ill., 219 F.3d 674, 676 (7th Cir. 2000); In re Archdiocese of Milwaukee, 482 B.R. 792, 797 (E.D. Wisc. 2012).  Moreover, "leave to appeal an interlocutory order will not be granted absent exceptional circumstances."  In re Pullman Constr. Indus., Inc., 143 B.R. 497, 498 (N.D. Ill. 1992) (quotations and citations omitted).  Those requirements are not met here.

First, the Successor Trustee does not identify a controlling question of law.  A question of law "has reference to a question of the meaning of a statutory or constitutional provision, regulation, or

common law doctrine rather than to whether the party opposing summary judgment had raised a genuine issue of material fact." Ahrenholz, 219 F.3d at 676.  The appeal must present a "pure question of law, something the [district court] could decide quickly and cleanly without having to study the record."  Id. at 676-77.  A question of law is controlling when "its resolution is quite likely to affect the outcome or the further course of litigation, even if it is not certain to do so."  Tr. of Jartran, Inc. v. Winston & Strawn, 208 B.R. 898, 900 (N.D. Ill. 1997).

The issue identified here is simply not a controlling question of law.  The Successor Trustee identifies the question presented as "whether the Bankruptcy Court erred as a matter of law or abused its discretion in declining to approve the Successor Trustee's request to confirm the sale as a matter of law or equity or accept evidence concerning that ruling."  Motion at p. 1.  Nothing about this issue pertains to the type of pure question of law that this Court could decide quickly and cleanly without have to study the record.  The Successor Trustee is not asking the Court to clarify a legal principle. See In re Eastern Livestock Co. LLC, No. 4:12-cv-00126, 2013 WL

4479080, at *6 (S.D. Ind. Aug. 20, 2013) (finding that the "decision to remove a bankruptcy trustee is not an abstract issue of law"). Essentially, the Successor Trustee argues that the Bankruptcy Court failed to consider relevant facts and misapplied the facts to the law. Therefore, the Successor Trustee has failed to show a controlling question of law that would warrant an interlocutory appeal.

The Successor Trustee does not fare any better on the other two requirements. The Successor Trustee argues that there is a substantial likelihood that a reviewing court would conclude that the Bankruptcy Court abused its discretion by not sufficiently considering its equitable powers and because the Bankruptcy Court's factual conclusions do not have evidentiary support. Motion at p. 2. However, the Bankruptcy Court repeatedly asked the Successor Trustee for case law that would support the relief requested, and the Successor Trustee failed to do so. The Successor Trustee likewise does not provide such support in her Motion for Leave to Appeal. She has not shown that a substantial ground for a difference of opinion exists but merely shows that she disagrees with the Bankruptcy Court's application of the facts to the law in this

case.  See, e.g., Eastern Livestock Co., 2013 WL 4479080, at *6 (finding no substantial ground for difference of opinion where the parties did not disagree as to what controlling law applied).

Finally, an immediate appeal would not materially advance the ultimate termination of the case, as demonstrated by the relief the Successor Trustee seeks.  Even if this Court reversed the Bankruptcy Court, the Successor Trustee asks that this Court require the Bankruptcy Court to conduct an evidentiary hearing—which would only further delay the ultimate termination of the case—or limit the decision to "the legal rule on which it is based, and not be based on any facts"—which would not advance the ultimate termination of the case either.  Motion at 2.  Moreover, whether the Bankruptcy Court's orders are affirmed or reversed, issues would remain relating to the appropriateness of conducting the sale of the truck, the proceeds of the sale because no full accounting has been conducted, and whether enough money exists to pay the Debtor's exemptions.  Consequently, an interlocutory appeal will not address these issues and will not materially advance the ultimate termination of the case.  See Gouveia, 228 B.R. at 414

(concluding that the review of an order that makes no final determination regarding the rights to the funds would not materially advance the termination of the litigation and would, in fact, prolong the litigation by expending time on issues that may ultimately be irrelevant to the litigation).

### III. CONCLUSION

For the reasons stated, the Successor Trustee's Motion for Leave to Appeal (d/e 1) the Bankruptcy Court's January 29, 2015 and April 17, 2015 Orders is DENIED.

ENTER: July 9, 2015

FOR THE COURT:

                                          s/Sue E. Myerscough
                                          SUE E. MYERSCOUGH
                                UNITED STATES DISTRICT JUDGE